**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gilbert Martinez,<br><br>                Petitioner,<br><br>v.<br><br>David Shinn, *et al.*,<br><br>                Respondents. | No. CV-20-00517-PHX-DJH<br><br>DEATH-PENALTY CASE<br><br>**ORDER** |

      Before the Court is Petitioner's motion for equitable tolling. (Doc. 25.) The motion is fully briefed. (Docs. 26, 27.) For the following reasons, Petitioner's request for prospective equitable tolling of the statute of limitations governing his petition for writ of habeas corpus is denied. Petitioner will be granted 90 days to file an amended petition.

      **A.**    **Background**

      Petitioner filed his statement of intent to file a petition for habeas corpus on March 12, 2020. (Doc. 1.) Petitioner and Respondents agree the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d), expires on February 22, 2021. (Doc. 11.) Petitioner asks that the Court equitably toll the statute of limitations for 120 days, until June 22, 2021. (Doc. 25 at 1–2.) He asks, in the alternative, that he be permitted to file an amended petition by June 22, 2021. (*Id.*) Respondents oppose Petitioner's request to equitably toll the statute of limitations at this time, but do not oppose permitting Petitioner 90 days to file an amended petition. (Doc. 26 at 1, 8.)

**B.     Analysis**

A court may equitably toll the AEDPA's statute of limitations if a petitioner establishes that he has been pursuing his rights diligently and some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The parties do not dispute whether Petitioner's counsel has been diligent or that the ongoing pandemic is an "extraordinary circumstance." Rather, Respondents assert that Petitioner cannot, at this time, establish the extent to which the pandemic "stood in his way" until after the petition has been filed. (*See* Doc. 26 at 3.)

Respondents rely on *Smith v. Davis*, 953 F.3d 582, 599 (9th Cir. 2020), *cert. denied*, No. 20-5366, 2020 WL 6829092 (U.S. Nov. 23, 2020). Smith filed a petition for habeas corpus "more than two months after the expiration of the applicable statute of limitations." *Id.* at 585–86. He argued that he was entitled to equitable tolling, however, because his attorney failed to inform him of his unsuccessful state court appeal and failed to provide him with his state court record. *Id.* After Smith learned of his failed appeal and obtained his record, he still had ten months to file his petition before the expiration of the statute of limitations, but he failed to do so until 66 days after the statute had expired. *Id.*

The Ninth Circuit concluded that Smith was not entitled to equitable tolling. It reasoned that "whether an impediment caused by extraordinary circumstances prevented timely filing is a 'causation question' that requires courts to evaluate a petitioner's diligence in all time periods—before, during, and after the existence of an 'extraordinary circumstance'—to determine whether the extraordinary circumstance actually did prevent timely filing." *Id.* at 595. Applying this standard, it concluded that Smith had not been diligent between the time he obtained his records and the time he filed his petition. *Id.* at 601 ("The problem with Smith's request for equitable tolling is that when given the opportunity to explain how he had used his time diligently after receiving his file from his attorney and thus merited equitable tolling, Smith made no allegation or claim . . . that he had acted diligently but had not been able to file earlier.").

Petitioner argues that his situation is distinguishable because in his case "an extraordinary circumstance . . . materialized the day counsel was appointed and is likely to continue, unabated, throughout the entire limitations period." (Doc. 25 at 14.) In support of his assertion that his investigation and representation has been disrupted, Petitioner has provided declarations from Sandra Zahirieh and Jennifer Thompson, investigators for the Office of the Federal Public Defender for the District of Arizona ("FPD"); Elizabeth Vartkessian, a mitigation specialist; Emily Olson-Gault and Cassandra Stubbs, capital defense attorneys; and Michael Vazquez, a paralegal for the FPD. (Docs. 25-2 through 25-8.)

The Court finds that the ongoing pandemic is an extraordinary circumstance that has hindered Petitioner's counsel by preventing or delaying in-person contact with Petitioner and obstructing counsel's attempts to obtain records and interview relevant witnesses. *Cf. Brown v. Davis*, No. 1:19-CV-01796-DAD, 2020 WL 5069654, at *7 (E.D. Cal. Aug. 27, 2020) ("[T]he ongoing COVID-19 pandemic . . . will continue to impede record assembly and review, lay and expert discovery, claim investigation and development, and preparation of a complete federal habeas petition."); *Cowan v. Davis*, No. 1:19-CV-00745-DAD, 2020 WL 4698968, at *5 (E.D. Cal. Aug. 13, 2020) ("The COVID-19 pandemic undoubtedly presents an extraordinary circumstance impacting petitioner's right to the assistance of appointed habeas counsel in preparing his federal petition."). The Court also finds that Petitioner, through counsel, has diligently pursued his rights to date. Counsel assert that they continue to contact witnesses and issue record requests, and Respondents do not allege that Petitioner has not been diligent.

The statute of limitations in this case runs in approximately two months. Petitioner requests an additional 120 days of equitable tolling. His counsel base this request on "the amount of time counsel estimates it would take reasonably diligent counsel to file a complete habeas petition." (Doc. 27 at 10.) In accordance with *Smith*, the maximum amount of time to which Petitioner is entitled "is equal to the amount of time that the extraordinary circumstance that impeded timely filing existed." *Smith*, 953 F.3d at 598.

At this time, the Court cannot determine whether the pandemic will impede the filing of the petition for 120 days past the expiration of the statute of limitations. *See Fitzgerald v. Shinn*, No. CV-19-5219-PHX-MTL, 2020 WL 3414700, at *5 (D. Ariz. June 22, 2020). Petitioner's request for 120 days of prospective equitable tolling is therefore denied.

Petitioner's request, in the alternative, for leave to file an amended petition is granted. In *Pickens v. Shoop*, No. 1:19-CV-558, 2020 WL 3128536 (S.D. Ohio June 12, 2020), the court denied a habeas petitioner's request for equitable tolling, but granted 94 days "from the date the state of emergency is lifted" to file an amended petition for habeas corpus. *Id.* As the court noted, a party "may amend its pleading only with the opposing party's written consent or the court's leave," which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Respondents have consented to the filing of an amended petition 90 days after the petition is filed.

Accordingly,

**IT IS ORDERED** denying Petitioner's Motion for Equitable Tolling (Doc. 25) without prejudice.

**IT IS FURTHER ORDERED:**

1. Petitioner shall file a Petition for Writ of Habeas Corpus no later than **February 22, 2021**.

2. Petitioner shall file an amended Petition for Writ of Habeas Corpus no later than **May 24, 2021**.

3. Respondents shall file an Answer no later than **August 23, 2021**.

4. Petitioner shall file a reply no later than **October 7, 2021**.

5. Any notice of evidentiary development shall be filed no later than **December 6, 2021**.

6. A response to the notice for evidentiary development shall be filed no later than **January 5, 2022**.

…

…

7. A reply to any response to a notice of evidentiary development shall be filed no later than **January 19, 2022**.

Dated this 18th day of December, 2020.

_____
Honorable Diane J. Humetewa
United States District Judge